UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURLAL S.B.,<br>Petitioner,<br>v.<br>SERGIO ALBARRAN, et. al.,<br>Respondents. | No. 1:26-cv-00301-TLN-DMC-HC<br><br>FINDINGS AND RECOMENDATIONS |

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for temporary restraining order. See ECF Nos. 1 and 2.

Petitioner was initially detained by U.S. Border Patrol on September 3, 2024, and was released on parole on December 6, 2024. See ECF No. 1, pg. 5. Petitioner asserts he was denied due process when he was re-detained on August 16, 2025, without notice or a pre-deprivation bond hearing. See id. The District Judge granted Petitioner's motion for temporary restraining order. See ECF No. 5. In ordering the temporary restraining order, the Court found that Petitioner established a likelihood of success on the merits of his due process claim. See id. at 3. Specifically, the Court found that Petitioner had a liberty interest in continued release and that Petitioner was entitled to notice and an opportunity to be heard prior to re-detention. See id. at 7. Additionally, Respondents were ordered to show cause why the Court should not issue a

preliminary injunction. See id. Respondents filed a joint opposition to the motion for temporary restraining order and preliminary injunction. See ECF No. 7. Additionally, Respondents requested an 180-day period of time to respond to petition for writ of habeas corpus. See id.

On January 29, 2026, the Court issued a preliminary injunction. See ECF No. 8. The Court ordered:

> (1) Respondents are ENJOINED AND RESTRAINED from imposing any additional restrictions on Petitioner Gurlal S. B., unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.
> (2) Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation/custody hearing before a neutral decisionmaker, where the Government shall bear the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk, and Petitioner shall be allowed to have his counsel present.
> (3) The bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this one. *See Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011).
>
> Id.

The matter was referred to the undersigned for further proceedings. The court ordered Petitioners to show cause why the court should not allow Respondents 180 days to file an answer. See ECF No. 9. On February 9, 2026, Petitioners filed a reply in support of their petition. See ECF No. 11. Respondent filed their reply to the order to show cause, ECF No. 13, and the Court directed respondents to file an answer to Petitioner's petition for writ of habeas corpus. See ECF No. 15. On March 10, 2026, Respondents filed their opposition to petition for writ of habeas corpus, arguing that "[f]or the reasons set forth in the Respondents' previous filing, Respondents assert that Petitioner's detention was lawful." ECF No. 16.

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's orders, ECF Nos. 5 and 8, and in other cases, see Sarfaraz Mohammed v. Murray, No. 1:25-CV-01761-TLN-DMC-HC, 2026 LX 11020, WL 124866 (E.D. Cal. Jan. 15, 2026), report and recommendation adopted, No. 1:25-CV-01761-TLN-DMC, 2026 WL 311864 (E.D. Cal. Feb. 5, 2026), that Petitioner's re-detention without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment. Therefore, the undersigned will recommend the petition be granted.

Based on the foregoing, the undersigned RECOMMENDS that the petition for writ of habeas corpus, ECF No. 1, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 9, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE